UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILSON JOSE BRITO HIDALGO,

          Petitioner,

v.

KEVIN RAYCRAFT, Immigration and Customs Enforcement, Director of Detroit Field Office, Enforcement and Removal, KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, U.S. DEPARTMENT OF HOMELAND SECURITY, PAMELA BONDI, U.S. Attorney General, and EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,

          Respondents.
_____/

Case No. 25-cv-13588
Honorable Linda V. Parker

## OPINION AND ORDER GRANTING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER

On November 11, 2025, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, claiming that his detention pending removal proceedings, without a bond hearing, violates the Immigration and Nationality Act ("INA") and the Due Process Clause of the Fifth Amendment. Although Petitioner has no lawful immigration status, he has lived in the United States for almost four years, has fathered two children who are U.S. citizens, and is the sole custodian of a third child, a non-U.S. citizen who is ten years old.

On December 3, the Court granted the petition and ordered Respondents to afford Petitioner a bond hearing by 5:00 p.m. on December 10, or release him. (ECF No. 10.) Claiming that immigration authorities "are staging" for his removal without granting him a bond hearing, Petitioner filed an emergency motion for a temporary restraining order on December 8, seeking to enjoin his removal from this jurisdiction until the due process claim asserted in his petition is fully adjudicated. (ECF No. 11.)

In his initial petition, Petitioner claimed his due process rights were violated by his detention without a bond hearing. (*See* ECF No. 1 at PageID.18-19; ECF No. 2 at PageID.44-45.) The Court found it unnecessary to address Petitioner's due process claim in its December 3 decision, as it found that, by denying Petitioner a bond hearing, immigration officials violated the INA. Thus, the Court ordered the relief Petitioner requested—that being a bond hearing or release for custody.

As such, it would appear that nothing remains left to adjudicate in this matter. Petitioner is not challenging his removal here. In any event, the Court believes that such a challenge may be heard only in a Circuit Court of Appeals. *See* U.S.C. § 1252(a)(5). In fact, according to Petitioner, there is an action pending in the Third Circuit Court of Appeals, where he is challenging the removal

2

decision.[1]  *See Brito-Hidalgo v. Att'y Gen. of the United States*, No. 25-3005 (3d Cir. filed Oct. 15, 2025).

In his current motion, however, Petitioner asserts a due process violation based on the failure to reunify him with his 10-year-old son.  (*See* ECF No. 11 at PageID.217.)  Petitioner asserts that he has a right to an orderly departure and a right to decide what will happen to his 10-year-old son and his two minor U.S. children.  (*Id.* at PageID.218.)  Unless a temporary stay of Petitioner's removal is ordered, the Court might not have a chance to determine whether it has jurisdiction to consider this due process claim and, if it has jurisdiction, to adjudicate the claim.  *See Derminer v. Kramer*, 386 F. Supp. 2d 905, 906 n.1 (E.D. Mich. 2005) (noting that "[a] court always has jurisdiction to determine its jurisdiction"); *United States v. United Mine Workers of Am.*, 330 U.S. 258, 290 (1947) (explaining that "the District Court unquestionably had the power to issue a restraining order for the purpose of preserving existing conditions pending a decision upon its own jurisdiction."); *Am. Fed'n of Musicians v. Stein*, 213 F.2d 679, 689 (6th Cir. 1954) (reasoning that "these and other questions going to the jurisdiction of the district court to entertain the case were grave and difficult, and justified the district court in

---

[1] The Third Circuit entered a temporary stay of removal on October 15, 2025. *Brito-Hidalgo*, No. 25-3005 (3d Cir. 2025), ECF No. 5.  On December 3, however, the court vacated the stay, finding that Petitioner had not shown a likelihood of success on the merits of his petition for review.  *Id.*, ECF No. 16.

its issuance of the preliminary injunction in order to reserve its decision on jurisdiction to a time when, after a hearing, adequate study and reflection would be afforded properly to interpret and apply the law.").

Accordingly,

**IT IS ORDERED** that Petitioner's motion for a temporary restraining order is **GRANTED**;

**IT IS FURTHER ORDERED** that counsel for the parties shall appear for a telephonic status conference at 4:30 p.m. on December 9, 2025, to discuss this matter and to schedule briefing on Petitioner's due process claim. Counsel shall call the Court's conference line at (810) 874-0063 and use access code 980 537 569#.

**SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: December 8, 2025